O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-06395 ODW (VBKx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *El Centro Foods, Inc. v. Nazarian, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):   Order GRANTING Defendants' Motion to Dismiss, Abstain, Stay or Remand Case to State Court [9]**

      Currently pending before the Court is Defendants Vigen Nazarian and Armineh Nazarian's (collectively, "Defendants") February 3, 2010 Motion to Dismiss, Abstain, Stay or Remand Plaintiff El Centro's ("Plaintiff") Case to State Court.  (Dkt. # 9.)  Having considered the arguments made in support of and in opposition to the instant motions, the Court deemed the matter appropriate for decision without oral argument, and vacated the March 15, 2010 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court GRANTS Defendants' Motion.

## I.   BACKGROUND

      The instant action represents a dispute between Plaintiff, the franchisor and owner of the federally registered trademark PIZZA MAN, and Defendants, two of its franchisees. (Complaint "Compl." ¶¶ 4-6.)  Since at least February 2, 1973, Plaintiff has established and continuously used the Pizza Man and Pizza Man "He Delivers" trademarks on restaurant services and pizza crust mix. (Compl. ¶10; Plaintiff's Request for Judicial Notice "PRJN," Exhibits "Exs." A-C.)[1] On January 6, 1986, Plaintiff and Defendants entered into a franchise agreement, whereby, in exchange for a certain percentage of gross receipts or a minimum fee, Defendants were granted an exclusive license to use the PIZZA MAN marks within a defined territory.  (Compl. ¶¶ 13-

---

[1] Both Plaintiff's and Defendants' unopposed requests for judicial notice are hereby GRANTED. (*See* Dkt. #s 11, 20.)

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-06395 ODW (VBKx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *El Centro Foods, Inc. v. Nazarian, et al.* | | |

15.)  The agreement also provided for a procedure by which the agreement might be terminated at Plaintiff's election, and noted that in the event of a breach by either party, the other would be entitled to an injunction restraining the other party from such breach.  (Compl. ¶¶ 16-18.)

Pursuant to Defendants' alleged breach of their duty to provide Plaintiff with a portion of the gross receipts as agreed, Plaintiff sent Defendants a notice of non-compliance on July 29, 2008.  (Compl. ¶ 39, noting that the duty was renewed pursuant to the execution of another franchise agreement in 2003.)  Finally, on or about August 28, 2009, after Defendants allegedly failed to cure their delinquencies and even purchased food products and packaging from unauthorized distributors, Plaintiff terminated the agreement.  (Compl. ¶¶ 41-42.)  However, according to Plaintiff, Defendants infringe upon the PIZZA MAN marks by continuing to operate as a PIZZA MAN franchise, defaulting on payment of fees, failing to provide weekly financial reports, and purchasing unauthorized products and packaging.  (Compl. ¶ 43.)

On July 24, 2009, Defendants filed a complaint in state court alleging Unfair Competition, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Slander Per Se, Negligence, Fraud, Injunction and Declaratory Relief.  (Defendants Request for Judicial Notice "DRJN," Ex. A.)  Then, on September 2, 2009, Plaintiff filed the instant complaint alleging Federal Trademark Infringement, Federal Unfair Competition & False Designation of Origin, Common Law Trademark Infringement, Trade Name Infringement, State Unfair Competition and Dilution, Breach of Franchise Agreement, and Injunctive Relief.  (Dkt. # 1.) One day later, Plaintiff removed Defendants' state court case, which was then amended by Defendants, and subsequently remanded by this Court.  (DRJN, Ex. C, PRJN, Ex. E.)  On January 13, 2010, after Defendants' state court case was remanded, Plaintiff demurred to the first amended complaint, claiming that the court lacks jurisdiction because the case must proceed to both mediation and binding arbitration in accordance with the terms of the relevant franchise agreement.  (*See* PRJN, Ex. D.)  In the meantime, Defendants filed the instant Motion to Dismiss, Abstain, Stay or Remand Plaintiff's Case to State Court.  (Dkt. # 9.)

## II.   **LEGAL STANDARD**

While the obligation of federal courts to exercise the jurisdiction given them is virtually unflagging, it is not absolute.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Under the *Colorado River* doctrine, a federal court may stay its proceedings in deference to pending parallel state proceedings.  *Id.*  This doctrine is employed where doing so would serve the interests of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation."  *Id.*; *Moses H.*

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-06395 ODW (VBKx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *El Centro Foods, Inc. v. Nazarian, et al.* | | |

*Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 15 (1983).  A stay is proper only in "extraordinary circumstances," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996), but is preferable to dismissal because it "ensures that the federal forum will remain open if, for some unexpected reason, the state forum proves to be inadequate." *Daugherty v. Oppenheimer & Co., Inc.*, 2007 WL 1994187 at 3 (N.D.Cal. 2007).

*Colorado River* and subsequent cases set out a series of factors, that, although not exclusive, are relevant to determine whether the stay of federal proceedings is appropriate, including: (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state law or federal law provides the rule of decision on the merits; (6) whether the state court proceedings are adequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping.  *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. at 15-16; *Holder v. Holder*, 305 F.3d 854, 868 (9th Cir. 2002).

## III.   DISCUSSION

   A.   *The Federal and State Actions Involving the Franchise Agreement Are Substantially Similar*

Prior to applying the *Colorado River* analysis, the Court must determine whether the federal and state actions are sufficiently parallel.  *In re Countrywide Fin. Corp. Derivative Litigation.* 542 F. Supp.2d 1160, 1170 (C.D. Cal. 2008).  The Ninth Circuit standard is not one of exact parallelism, but looks to whether the two proceedings are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  Plaintiff's argument that its federal trademark action is substantially *different* from Defendant's state court action is unavailing, as the parties in both suits are identical, and the claims arise from a logically connected nucleus of facts and raise similar sets of substantive issues.  While Plaintiff's Complaint includes claims of federal trademark infringement and Defendant's state action is grounded in breach of contract, the focal point of both parties' suits hinge on whether they have performed their obligations under the Franchise Agreements and whether those agreements are enforceable.  Thus, the "parallelism," or "substantial similarity" requirement federal and state court actions is met.

   B.   *The Interests of Judicial Administration Favor Staying the Parallel Federal Action*

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-06395 ODW (VBKx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | *El Centro Foods, Inc. v. Nazarian, et al.* | | |

The Court begins by recognizing that the *Colorado River* factors should not be applied as a "mechanical checklist." *Nakash v. Marciano*, 882 F.2d at 1415 (citations and quotations omitted). Rather, the test is a "flexible [one] . . . in which one factor may be accorded substantially more weight then another depending on the circumstances of the case." *Holder v. Holder*, 305 F.3d at 870 (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. at 16). As such, the Court finds that several *Colorado River* factors weigh in favor of staying Plaintiff's federal action.

First, staying the federal action would prevent the duplication of efforts and the risk of inconsistent outcomes that might result from the piecemeal litigation of these parties' disputes. These parties' claims are both centered on the Franchise Agreement between Plaintiff and Defendants. Both parties allege that the other has breached the agreement, and indeed, Plaintiff's federal action raises substantial state law issues regarding performance under the Franchise Agreement. Granting the stay is therefore consistent with the federal court's discretion to decline to exercise jurisdiction out of consideration for federal-state comity. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 817.

Second, the order in which the concurrent forums obtained jurisdiction weighs in favor of granting the stay. It is settled that the court first assuming jurisdiction over a matter "may exercise that jurisdiction to the exclusion of other courts." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 418 (citing *Donovan v. City of Dallas*, 377 U.S. 408 (1964)). In this instance, the Los Angeles County Superior Court was the first to assume jurisdiction over the Defendants' franchise dispute with Plaintiff. Defendants filed and served their state action on July 24, 2009, over a month before Plaintiff commenced this federal action. This case is distinguishable from *Travelers v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990), on which Plaintiff relies, as the time difference between the filing of the parallel actions in that case that was found to be unhelpful in the abstention analysis was a mere three days. (*See* Opp'n at 9.) Accordingly, proper deference should be afforded to the Superior Court.

Lending further support to Defendants request for stay is the availability of adequate relief for Plaintiff's claims in state court. Plaintiff alleges several state-law claims including: (1) breach of the franchise agreement; (2) state trademark infringement; (3) state trade name infringement; and (4) state unfair competition and dilution. The Superior Court is unquestionably an adequate forum for Plaintiff to adjudicate these claims. Plaintiff's concerns that federal law provides the rules of decision regarding its claims under the Lanham Act does not diminish the adequacy of the relief available in state court as well. Further, the adjudicative power of state courts under the Lanham Act is identical to that of federal courts. *See Duggan's*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-06395 ODW (VBKx) | Date | April 21, 2010 |
|----------|------------------------|------|----------------|
| Title | *El Centro Foods, Inc. v. Nazarian, et al.* | | |

*Funeral Service, Inc. v. Duggan's Serra Mortuary, Inc.*, 95 Cal.Rptr.2d 253, 257 (Cal. App. Ct. 2000).  For the purposes of *Colorado River* analysis, it is settled that concurrent jurisdiction over a claim lessens the significance of the rule of decision factor.  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).  Moreover, pursuant to Federal Rule of Civil Procedure 13 and California Code of Civil Procedure section 426.30, Plaintiff should have asserted its claims as compulsory cross-claims in Defendants' state court action because they (a) arise out of the same transaction or occurrence that is the subject matter of Defendants' claims; and (b) do not require adding another party over whom the court cannot acquire jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds the requisite exceptional circumstances present to merit a *Colorado River* stay.  Defendants' Motion to Stay this matter is therefore **GRANTED**. Defendants are hereby ordered to file a **status report** with the Court no later than **ninty (90) days** from the date of this Order informing the Court of the progression of the state court case.

IT IS SO ORDERED.

|  | -- | : | 00 |
|--|----|---|----|
| Initials of Preparer | | RGN | |